20-1003-cr
*United States of America v. Robert E. Gibeault, Jr.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand twenty-one.

PRESENT:   GUIDO CALABRESI,
           DENNY CHIN,
           WILLIAM J. NARDINI,
                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

      *Appellee*,

   v.                                                        No. 20-1003-cr

ROBERT E. GIBEAULT, JR.,

      *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | CARINA H. SCHOENBERGER, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Syracuse, NY, *for Appellee*. |
| For Defendant-Appellant: | DANIEL M. PEREZ, Law Offices of Daniel M. Perez, Newton, NJ, *for Defendant-Appellant*. |

On appeal from the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction and sentence entered by the district court on March 16, 2020, is **AFFIRMED**.

Defendant-Appellant Robert E. Gibeault, Jr. appeals from a judgment of conviction and sentence entered by the district court on March 16, 2020, pursuant to a conditional plea agreement between Gibeault, Jr. and the Government dated October 18, 2019. On appeal, Gibeault, Jr. challenges the district court's denial of his motion to suppress evidence and request for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). We assume the reader's familiarity with the underlying record.

In 2017, law enforcement officers conducted undercover investigations on the BitTorrent peer-to-peer file-sharing network in which they downloaded several files depicting child pornography from a user with the IP address 72.244.103.211 (the "IP address"). Special Agent James Hamilton ("SA Hamilton") from the United States Immigration and Customs Enforcement Office of Homeland Security Investigations ("HSI") determined that the IP address was assigned to an account registered to "Robert Gibeault" residing at 321 Old West Road, Gansevoort, New York 12831 ("321 Old West Road" or the "property"). Further investigation revealed that "Robert E. Gibeault" and "Jill A. Gibeault" lived at 321 Old West Road. SA Hamilton then surveilled the property and discovered that the home had two available wireless network connections and a single mailbox with the number 321. SA Hamilton then obtained a search warrant from a federal magistrate judge.

The search warrant identified as the places and items to be searched "the property located at 321 Old West Road, Gansevoort, NY," including "all rooms, attics, closed containers, and other places therein . . . under the control of the occupants of the residence . . . the persons of Robert GIBEAULT and Jill GIBEAULT, . . . [and] any computers, computer equipment, or computer storage media and electronic storage media located during the course of said searches." App'x at 19. The search warrant also identified as among the items to be seized and searched "records and evidence identifying who the particular user was who distributed, transmitted, downloaded or possessed any child pornography found on any computer or computer media **(evidence of attribution)**." *Id.* at 22.

SA Hamilton and other law enforcement officers executed the search warrant on November 2, 2017. Upon arriving at 321 Old West Road, SA Hamilton met Robert E. Gibeault, Sr., who informed him that Jill Gibeault and Gibeault, Jr. were inside the home. When SA Hamilton was unable to locate Gibeault, Jr., Gibeault, Sr. informed SA Hamilton that his son was in the sunroom at the back of the house. SA Hamilton left the home through the front door, walked to the back of the house, and walked to the sliding glass door to the sunroom. The door had a paper sign taped to it that read "321 Old West Rd. APT. 2." *Id.* at 63. SA Hamilton asked Gibeault, Jr., whom he

2

could see through the sunroom door, to open the door. Gibeault, Jr. did. After securing the room, SA Hamilton called the U.S. Attorney's Office in Albany, New York to confirm his belief that the sunroom fell within the scope of the search warrant. Based on what SA Hamilton observed—the sunroom shared the same roof, exterior walls, and basement as the rest of home; inside it had a toilet, sink, and minimal cooking facilities; and the door to the sunroom was labeled as "APT. 2"— an Assistant U.S. Attorney stated that the warrant covered the sunroom. SA Hamilton and other agents then searched the room. They seized, among other electronic devices, a laptop that contained approximately 390 videos and 85 images depicting child pornography.

On July 19, 2018, a federal grand jury returned an indictment charging Gibeault, Jr. with five counts of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). On October 19, 2018, Gibeault, Jr. moved to suppress the evidence obtained pursuant to the search warrant executed on November 2, 2017. Gibeault, Jr. argued that the search of his living quarters was not authorized by the warrant because he lived in "Apartment 2" at 321 Old West Road, which the warrant did not identify. In the alternative, Gibeault, Jr. requested that the district court conduct a *Franks* hearing to supplement the factual basis for the warrant. On November 16, 2018, the district court denied the motion to suppress, concluding that (1) the magistrate judge "had a substantial basis for his determination that probable cause existed to search the entire property at 321 Old West Road," (2) the search warrant "satisfies the particularity requirement of the Fourth Amendment in light of the information available to SA Hamilton at the time," and in any event, (3) the good faith exception applied. The district court also denied Gibeault, Jr.'s request for a *Franks* hearing. Thereafter, pursuant to a conditional plea agreement, Gibeault, Jr. pled guilty to one count possession and three counts distribution of child pornography, as charged in the indictment. Gibeault, Jr. was sentenced on March 13, 2020, to 96 months of imprisonment and 15 years of supervised release. This appeal followed.

"When considering a ruling on a motion to suppress evidence, we review a district court's legal conclusions *de novo*, its findings of fact for clear error, and its decisions on mixed questions of law and fact . . . *de novo.*" *United States v. Weaver*, 9 F.4th 129, 138 (2d Cir. 2021). We also review a district court's application of exceptions to the exclusionary rule *de novo*. *See United States v. Eldred*, 933 F.3d 110, 114 (2d Cir. 2019). And "[w]hen assessing a district court decision on a *Franks* hearing, we review legal questions *de novo* and questions of fact for clear error." *United States v. Caraher*, 973 F.3d 57, 62 (2d Cir. 2020).

Gibeault, Jr.'s arguments rely on the contention that 321 Old West Road is a "multi-family dwelling." Gibeault, Jr. Br. at 31. Gibeault, Jr. contends that because the search warrant does not identify the property as such, the warrant fails to (1) establish probable cause as to his unit, Apartment 2; and (2) meet the Fourth Amendment's particularity requirement. Moreover, Gibeault, Jr. argues that the good faith exception does not apply to the officers because their conduct was not objectively reasonable. We disagree.

The Fourth Amendment protects "against unreasonable searches and seizures" and provides that warrants must be supported by "probable cause" and describe with particularity "the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "In evaluating probable cause in any given case, a judge must 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [the judge], . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Raymonda*, 780 F.3d 105, 113 (2d Cir. 2015) (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)). A reviewing court generally gives "substantial deference to the finding of an issuing judicial officer that probable cause exists," thereby limiting the Court's "inquiry to whether the officer 'had a substantial basis'" for the probable cause determination. *Id.* (quoting *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993)).

Here, the magistrate judge had a substantial basis for finding that the search warrant affidavit provided probable cause to believe that the entire property at 321 Old West Road, including the sunroom, contained evidence of child pornography. SA Hamilton's affidavit attested in relevant part that (1) files depicting child pornography were downloaded on multiple occasions by a user of IP address 72.224.103.211; (2) the IP address was assigned to a "Robert Gibeault" at 321 Old West Road; (3) the property had two secure wireless internet connections; and (4) the property might contain storage media predominantly used by persons not suspected of a crime because several persons could live at 321 Old West Road, meaning anyone on the premises could access the two wireless connections and be the user of the IP address.

Regardless of whether the sunroom could be considered a separate "apartment," the search warrant satisfied the Fourth Amendment's particularity requirement. "[T]he scope of a lawful search is 'defined by the object of the search and the places in which there is probable cause to believe that it may be found.'" *Maryland v. Garrison*, 480 U.S. 79, 84–85 (1987) (quoting *United States v. Ross*, 456 U.S. 798, 824 (1982)). As the warrant was supported by probable cause to search the *entire* premises, and at the time of the search SA Hamilton reasonably perceived Gibeault, Jr.'s room and the rest of the property as one and the same, the execution of the warrant reasonably included the entirety of 321 Old West Road, which is "consistent with a reasonable effort to ascertain and identify the place intended to be searched within the meaning of the Fourth Amendment." *Id.* at 79, 88–89. The objective facts available to SA Hamilton at the time he applied for a warrant from the magistrate judge suggested 321 was a single-family dwelling, with no distinction between Gibeault, Jr.'s room and the rest of the premises at 321 Old West Road. Public records listed the property address as 321 Old West Road, with no apartment numbers, and SA Hamilton's surveillance revealed the property to have one mailbox and one driveway. *See United States v. Kyles*, 40 F.3d 519, 524 (2d Cir. 1994).

Finally, the district court correctly concluded that a *Franks* hearing was not warranted because Gibeault, Jr. failed to make a substantial preliminary showing that (1) SA Hamilton made "a false statement knowingly and intentionally, or with reckless disregard for the truth"; and (2) "the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at

4

155–56.  As we outline above, SA Hamilton conducted a thorough investigation—he physically surveilled 321 Old West Road and researched records pertaining to the property—efforts that all suggested 321 Old West Road to be a single-, not multi-, family home, and gave rise to probable cause to search the *entire* property, regardless of the characterization of the sunroom.

*     *     *

We have considered Gibeault, Jr.'s remaining arguments and conclude that they are without merit.  For the foregoing reasons, the order and judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court